IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **NICOLLE LOUALLEN,** | |
| 217 Walnut Street<br>Cincinnati, OH 45215 | CASE NO. 1:23-cv-00377 |
| **PLAINTIFF**, | JUDGE |
| v. | MAGISTRATE JUDGE |
| **ANEST IWATA AMERICAS, INC.**, | **COMPLAINT WITH JURY DEMAND** |
| C/O Statutory Agent<br>Taft Service Solutions Corp.<br>425 Walnut Street, Suite 1800<br>Cincinnati, OH 45202 | |
| and, | |
| **ENID SOTO**, | |
| 9525 Glades Drive<br>West Chester, OH 45011 | |
| **DEFENDANTS**. | |

## I.　NATURE OF THE CLAIMS

1.　This matter is an employment dispute.  Plaintiff Nicolle LouAllen was employed by Defendant Anest Iwata Americas, Inc. from April of 2014 until the company terminated her employment on September 15, 2021.  Ms. LouAllen subsequently alleged claims of disability discrimination against the company, arguing her termination of employment violated the Americans with Disabilities Act (ADA) and the comparable protections in Ohio Revised Code Chapter 4112.  Ms. LouAllen and the company eventually resolved her claims and then executed a written agreement memorializing their resolution.

2. One of the terms of the written agreement was a mutual non-disparagement clause. Relevant here, it stated that Defendants would only provide a neutral employment reference for Ms. LouAllen: "[p]rovided that such request is directed to Enid Soto, Company will provide a neutral employment reference in response to a request for an employment reference, stating only Employee's job title and dates of employment."

3. Defendants breached this portion of the written agreement. In May of 2022, Ms. LouAllen received a job offer from a company named Milacron. The job offer was contingent upon a successful background check performed by a third-party vendor named Asurint. Ms. LouAllen listed Ms. Soto as the contact for her former employment at Anest Iwata Americas, Inc. An employee of Asurint called Ms. Soto, who instead of providing a neutral reference replied that Ms. LouAllen "not eligible for rehire" due to "poor work performance." This breach of the written agreement was memorialized by Asurint in a background check report provided to Ms. LouAllen in compliance with the Fair Credit Reporting Act. As a result of receiving this non-neutral reference from Ms. Soto, Milacron withdrew its offer of employment to Ms. LouAllen, causing her to lose a job that would have provided a base salary of $105,000 plus substantial bonuses and other lucrative fringe benefits.

4. Defendants' actions also constituted post-employment retaliation. Under both the ADA and Ohio Revised Code Chapter 4112, an employer who provides a negative reference because a former employee engaged in protected activity—such as threatening litigation like Ms. LouAllen—can be liable for post-employment retaliation. Here, that is precisely what happened.

5. Accordingly, Ms. LouAllen now files this civil action. She seeks to recover for the harm she has suffered, to punish Defendants for their conduct, and to deter Defendants from ever perpetrating their conduct against any other person.

## II. JURISDICTION AND VENUE

6. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims made under federal law because those claims constitute a civil action arising under the Constitution, laws, or treaties of the United States.

7. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's claims made under state law because those claims are so related to the claims made under federal law that they form part of the same case or controversy under Article III of the United States Constitution.

8. Pursuant to Ohio Revised Code Sections 2307.381-.385, and the Due Process Clauses of the federal and Ohio Constitutions, this Court has personal jurisdiction over Defendants because they are residents of, and have continuous and systematic contacts with, the State of Ohio.

9. Pursuant to 28 U.S.C. § 1391, this Court is the appropriate venue because the Southern District of Ohio is the judicial district in which a substantial part of the events or omissions giving rise to the claims for relief occurred.

10. Pursuant to Rule 82.1 of the Local Civil Rules of the United States District Court for the Southern District of Ohio, the Western Division at Cincinnati is the appropriate division because it serves the counties in which a substantial part of the events or omissions giving rise to the claims for relief occurred.

## III. PARTIES

11. Plaintiff Nicolle LouAllen ("Plaintiff" or "Ms. LouAllen") is a natural person who is a resident of Cincinnati, Ohio. Defendant Anest Iwata Americas, Inc. employed Ms. LouAllen

3

as the Director of Marketing from April 16, 2014 until her termination of employment on or about September 15, 2021.

12. Defendant Anest Iwata Americas, Inc. ("Defendant AI") is a for-profit corporation that incorporated in the State of Ohio and has its principal place of business in Butler County, Ohio. Defendant AI manufactures specialized painting equipment, turnkey coating systems, air compressors, and high-end dry vacuum pumps.

13. Defendant Enid Soto ("Defendant Soto") is a natural person who is a resident of Butler County, Ohio. Defendant AI employs Defendant Soto as its Assistant Controller.

### IV. FACTS

14. Ms. LouAllen was employed by Defendant AI as the Director of Marketing from April 16, 2014 until her termination of employment on or about September 15, 2021.

15. Following her termination, Ms. LouAllen alleged various claims against Defendant including claims for disability discrimination under federal and state law.

16. The parties ultimately resolved their disputes and, on December 31, 2021, executed a written agreement that memorialized their resolution (the "Agreement").

17. A true and accurate copy of the Agreement that contains appropriate redactions is attached as Exhibit 1 to this Complaint.

18. As part of the terms of the Agreement, Defendant AI identified a single individual, Defendant Soto, for future reference checks for Ms. LouAllen.

19. The agreement required Defendant to provide only a neutral reference, "stating only Employee's job title and dates of employment."

20. Ms. LouAllen pursued opportunities like her Director of Marketing position with Defendant AI and obtained a job offer at Milacron in approximately May of 2022.

21. Ms. LouAllen was offered the position of Marketing Manager at Milacron with a base salary of $105,000.00, a substantial bonus opportunity, plus lucrative fringe benefits.

22. Following the offer of employment, Milacron executed a standard reference and background check, using the company Asurint as its third-party vendor.

23. When Asurint contacted Defendant AI, Defendant Soto responded. She, on behalf of Defendant AI, violated the Agreement by reporting that Ms. LouAllen was not eligible for rehire because of "[p]oor [w]ork [p]erformance."

24. Following the reference check, Asurint provided Ms. LouAllen with a copy of the background check report. A true and accurate copy of the report is attached as Exhibit 2 to this Complaint.

25. On June 9, 2022, following the negative reference from Defendants, Milacron rescinded Ms. LouAllen's job offer and cited the negative reference in the Asurint background check report as the reason for doing so.

26. On June 16, 2022, Milacron provided Ms. LouAllen confirmation of the rescinded job offer and once again confirmed that the negative reference in the Asurint background check report was the reason she had lost the job.

27. Defendants provided the negative reference in retaliation for Ms. LouAllen having pursued her disability discrimination claims against them.

28. On August 22, 2022, Ms. LouAllen timely dual-filed a charge of discrimination with the Ohio Civil Rights Commission (OCRC) and the Equal Employment Opportunity Commission (EEOC) alleging the facts and retaliation claims contained in this Complaint.

29. On March 9, 2023, the OCRC issued Ms. LouAllen her notice-of-right-to-sue letter for her charge of discrimination.

30. On April 27, 2023, the EEOC issued Ms. LouAllen her notice-of-right-to-sue letter for her charge of discrimination.

## V. CLAIMS FOR RELIEF

### COUNT I

**Violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq.**
**(Post-Employment Retaliation – Negative Reference)**

**Against Defendant AI**

31. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

32. Plaintiff was at all relevant times an "employee" within the meaning of 42 U.S.C. § 12111(4).

33. Defendant AI was at all relevant times an "employer" within the meaning of 42 U.S.C. § 12111(5).

34. Pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5, Plaintiff exhausted her administrative remedies.

35. Plaintiff engaged in the activity protected by 42 U.S.C. § 12203.

36. Defendant AI knew of Plaintiff's protected activity.

37. Defendant AI violated 42 U.S.C. § 12203 by subjecting Plaintiff to the following materially adverse employment actions because Plaintiff engaged in the protected activity set forth in the statute: (a) a negative reference to a prospective employer; and (b) a breach of the Agreement's non-disparagement clause.

38. A causal connection exists between Plaintiff's exercise of protected activity and the materially adverse employment actions she suffered.

39. As a proximate result of Defendant AI's actions, Plaintiff has been and continues to be damaged in amount to be determined at trial.

40. Consistent with 42 U.S.C. § 12117, 42 U.S.C. § 2005e-5, and 42 U.S.C. § 1981a, Plaintiff is entitled to punitive damages because Defendant AI acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

41. Consistent with 42 U.S.C. § 12117 and 42 U.S.C. § 2005e-5, Plaintiff is entitled to reasonable attorneys' fees and costs incurred in pursuing Count I.

## COUNT II

### Violation of Ohio Revised Code Sections 4112.02(I)
### (Post-Employment Retaliation – Negative Reference)

### Against All Defendants

42. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

43. Plaintiff was at all relevant times a "person" within the meaning of Ohio Revised Code Section 4112.01(A)(1).

44. Defendants were at all relevant times a "person" within the meaning of Ohio Revised Code Section 4112.01(A)(1).

45. Plaintiff engaged in the activity protected by Ohio Revised Code Section 4112.02(I).

46. Defendants violated Ohio Revised Code Section 4112.02(I) by subjecting Plaintiff to the following materially adverse employment actions because Plaintiff engaged in the protected activity set forth in the statute: (a) a negative reference to a prospective employer; and (b) a breach of the Agreement's non-disparagement clause.

47. As a proximate result of Defendants' actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

48. Consistent with Ohio Revised Code Section 2315.21, Plaintiff is entitled to punitive damages because the actions or omissions of Defendants demonstrate malice or aggravated or egregious fraud, and/or Defendant as principal or master knowingly authorized, participated in, or ratified the actions or omissions that so demonstrate.

49. Consistent with the rule in *Columbus Finance, Inc. v. Howard*, 42 Ohio St.2d 178, 71 Ohio App.2d 174, 327 N.E.2d 654 (1975), and because Plaintiff is entitled to punitive damages, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count II.

## COUNT III

### Violation of Ohio Revised Code Chapter 4112
### (Aiding and Abetting Unlawful Retaliation)

### Against Defendant Soto

50. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

51. Plaintiff was at all relevant times an "employee" within the meaning of Ohio Revised Code Section 4112.01(A)(3).

52. Defendant Soto was at all relevant times a "person" within the meaning of Ohio Revised Code Section 4112.01(A)(1).

53. Defendant Soto violated Ohio Revised Code Section 4112.02(J) when she aided, abetted, incited, compelled, or coerced the unlawful retaliation against Plaintiff set forth in this Complaint.

54. As a proximate result of Defendant Soto's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

55. Consistent with Ohio Revised Code Section 2315.21, Plaintiff is entitled to punitive damages because the actions or omissions of Defendant Soto demonstrate malice or aggravated or egregious fraud, and/or Defendant Soto as principal or master knowingly authorized, participated in, or ratified the actions or omissions that so demonstrate.

56. Consistent with the rule in *Columbus Finance, Inc. v. Howard*, 42 Ohio St.2d 178, 71 Ohio App.2d 174, 327 N.E.2d 654 (1975), and because Plaintiff is entitled to punitive damages, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count III.

## COUNT IV

### Breach of Contract
### (Non-Disparagement Section)

### Against Defendant AI

57. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

58. Plaintiff and Defendant AI entered a written contract; namely, the Agreement.

59. Plaintiff performed under the Agreement.

60. Defendant AI breached the Agreement.

61. As a proximate result of Defendant AI's actions, Plaintiff has been and continues to be damaged in amount to be determined at trial.

62. Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count IV because the Agreement that was breached by Defendant AI was a settlement agreement. *See, e.g.*, *Rohrer Corp. v. Dane Elec Corp. USA*, 482 Fed.Appx. 113, 115-16 (6th Cir.2012) ("Ohio law allows a court to award attorney's fees as compensatory damages when a party's breach of a settlement agreement makes litigation necessary, even where none of the exceptions to the American Rule have been shown."); *Wilson v. Prime Source Healthcare of Ohio*, No. 1:16-cv-

1298, 2018 WL 1127653, at *4 (N.D. Ohio Mar. 2, 2018) (same) ("Attorney's fees as compensatory damages are available whether a party files a separate breach of contract suit or a motion to enforce settlement before the original trial court.").

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment in her favor on all claims in this Complaint and requests the following relief:

A. Economic compensatory damages in an amount to be determined at trial;

B. Non-economic compensatory damages in an amount to be determined at trial;

C. Liquidated, treble, punitive, or other exemplary damages in an amount to be determined at trial;

D. Front pay in an amount to be determined;

E. Reasonable attorneys' fees incurred in pursuing the claims against Defendants;

F. All costs and expenses incurred in pursuing the claims against Defendants;

G. Pre- and post-judgment interest; and

H. All other legal and equitable relief this Court and/or a jury determines is appropriate.

## VII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all claims and issues that are triable.

Respectfully submitted,

By: /s/ Jason E. Starling
Jason E. Starling (Ohio Bar No. 0082619), Trial Attorney
Jessica R. Doogan (Ohio Bar No. 0092105)
WILLIS SPANGLER STARLING
4635 Trueman Boulevard, Suite 100
Hilliard, Ohio 43026
Telephone: (614) 586-7915

Facsimile: (614) 586-7901
jstarling@willisattorneys.com
jdoogan@willisattorneys.com

*Attorneys for Plaintiff Nicolle LouAllen*